UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.: 9:24cv80008

STEVEN ENFIELD, as Personal Representative
of the Estate of Lisa Enfield and as assignee
of EITEL ENTERPRISES, INC.,

    *Plaintiff,*

vs.

EVANSTON INSURANCE COMPANY,

    *Defendant.*
_____/

## COMPLAINT

Steven Enfield, as Personal Representative of the Estate of Lisa Enfield and as assignee of Eitel Enterprises, Inc. sues Evanston Insurance Company, as follows:

### NATURE OF ACTION,

1. This is an action seeking damages resulting from Evanston's breach of an insurance policy issued to Eitel Enterprises.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. The parties have complete diversity of citizenship and the amount in controversy is more than $75,000.00, exclusive of costs, interest, and attorney's fees.

3. Venue is proper in this Court pursuant 28 U.S.C. § 1391 because the acts giving rise to this action and the damages were incurred in Palm Beach County, Florida.

## THE PARTIES

4. Steven Enfield is a citizen and resident of Palm Beach County, Florida, was domiciled in the State of Florida, and was otherwise *sui juris*.

5. Eitel Enterprises is a Florida corporation with its principal place of business in Palm Beach County, Florida.

6. Evanston is a foreign corporation with its principal place of business in Deerfield, Illinois. Evanston is licensed to engage in and actively engages in the business of selling insurance in the State of Florida.

## GENERAL ALLEGATIONS

7. The Policy: Evanston issued Policy No. 3AA536204, with effective dates February 4, 2022 to February 4, 2023 to Eitel Enterprises. *See* Policy, Exhibit A.

8. The Policy provides coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage'...." *Id.*

9. The Policy provides that Evanston has "the right and duty to defend the insured against any 'suit' seeking those damages…." *Id.*

10. The Accident: On February 11, 2022, Christopher Eitel was negligently operating his motor vehicle while in the course and scope of his employment with Eitel Enterprises in Palm Beach County, Florida when he collided with Lisa Enfield who was on a bicycle.

11. Christopher Eitel was wholly at fault for the Accident. Because he was in the course and scope of his employment, Eitel Enterprises was vicariously liable for his actions.

12. Ms. Enfield passed away as a result of the Accident. The value of her damages clearly exceeded all available insurance coverage under the Policy.

13. Evanston was timely notified of the claims asserted in the Underlying Lawsuit but on March 7, 2022 denied coverage to Eitel Enterprises, its named insured.

14. On April 20, 2022, Mr. Enfield sent a letter to Evanston offering to settle his claims for the policy limits and providing Evanston with additional information, including a sworn statement from Christopher Eitel, the driver and owner of the vehicle that struck Mrs. Enfield, who confirmed that he was employed by Eitel Enterprises and was in the course and scope of his employment at the time of the Accident.

15. On May 3, 2022, Evanston wrote back to Mr. Enfield, acknowledging that the vehicle involved in the Accident was owned by Christopher Eitel and was not an Eitel Enterprises vehicle. The letter nonetheless continued to disclaim coverage, citing Exclusion G. Aircraft, Auto or Watercraft.

16. The Underlying Lawsuit: On September 2, 2022, Steven Enfield filed a Complaint against Christopher Eitel and Eitel Enterprises relating to the Accident in the case styled *Steven Enfield, as Personal Representative of the Estate of Lisa Enfield, deceased and Steven Enfield, individually v. Christopher Eitel and Eitel Enterprises, Inc.*, No. 50-2022-CA-008642-XXXX-MB in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "Underlying Lawsuit"). *See* Underlying Complaint, Exhibit B.

17. Eitel Enterprises defended itself after being abandoned by Evanston.

18. Christopher Eitel was separately insured by USAA/Garrison under his own automobile policy which listed the vehicle involved in the accident. USAA promptly tendered its limits to Mr. Enfield and defended Mr. Eitel.

19. The parties to the Underlying Lawsuit engaged in discovery which confirmed Mr. Eitel's pre-suit sworn statement that he was in the course and scope of his employment with Eitel

Enterprises at the time of the Accident, and that the vehicle involved was not owned or operated by or rented or loaned to Eitel Enterprises.

20. The Underlying Lawsuit posed a substantial likelihood of a jury finding significant liability against Christopher Eitel and Eitel Enterprises.

21. <u>Settlement</u>: On August 11, 2023, Mr. Enfield, Christopher Eitel and Eitel Enterprises entered into a Settlement and Assignment Agreement (the "Agreement").

22. The Agreement was made in good faith and was the product of arms-length negotiations.

23. The Agreement took into consideration the reasonable range that would be awarded in damages and the percentage of liability that would be apportioned to the defendants if the case proceeded to trial.

24. <u>Consent Judgment</u>: On August 25, 2023, the Court in the Underlying Lawsuit entered a Consent Judgment in the amount of $5,000,000.00 in favor of the Enfields and against Christopher Eitel and Eitel Enterprises.

25. Pursuant to the Agreement, Eitel Enterprises assigned to Mr. Enfield all legal rights, remedies, and causes of action which it possessed against Evanston, including all litigation privileges and protections available to Eitel Enterprises.

26. Mr. Enfield now stands in the shoes of Eitel Enterprises as a matter of law and possesses standing and legal authority to bring against Evanston all legal and equitable claims available to Eitel Enterprises under the Policy, the Florida Insurance Code, and Florida's common law, arising out of Evanston's wrongful denial of coverage and its wrongful refusal to defend Eitel Enterprises against the Underlying Lawsuit.

27. Mr. Enfield, as assignee of Eitel Enterprises, engaged the undersigned counsel to represent his interests in this action and agreed to pay a reasonable fee for services rendered.

28. All conditions precedent to this action have been satisfied, waived, or have otherwise occurred.

## COUNT I – DECLARATORY JUDGMENT

29. Mr. Enfield re-alleges Paragraphs 1 through 28.

30. The Policy constitutes an enforceable contract under Florida law.

31. Evanston contends that the Policy does not cover Mr. Enfield's claim because of Exclusion G. Aircraft, Auto or Watercraft.

32. The Exclusion precludes coverage for "'Bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured."

33. The vehicle involved in the Accident was owned and operated by Christopher Eitel.

34. Eitel Enterprises did not own or operate the vehicle at the time of the Accident.

35. The Policy contains a Separation of Insureds provision which provides that:

> the insurance applies:
> a. As if each Named Insured were the only Named Insured; and
> b. Separately to each insured against whom claim is made or "suit" is brought.

36. Because the vehicle was not owned or operated by Eitel Enterprises at the time of the Accident, Exclusion G does not apply to bar coverage to Eitel Enterprises and Evanston owed a duty to defend and indemnify Eitel Enterprises.

37. Accordingly, there is a bona fide dispute between the parties and an actual, present and practical need for a declaration, as Mr. Enfield is in doubt as to his rights and Evanston's obligations under the Policy.

38. Mr. Enfield seeks a declaration that:

   a. The Policy provides coverage for the Underlying Lawsuit;

   b. Evanston wrongfully denied a defense to Eitel Enterprises for the Underlying Lawsuit; and

   c. The Settlement Agreement was reasonable and made in good faith.

WHEREFORE, Steven Eitel, as Personal Representative of the Estate of Lisa Enfield and as assignee of Eitel Enterprises, Inc. requests that this Court grant the stated declaratory relief, award attorney's fees and costs pursuant to Fla. Stat. § 626.9373 or any other applicable statute, and grant any further relief this Court deems equitable, just, and proper.

### COUNT II – BAD FAITH (to be abated pending the determination of coverage)

39. Mr. Enfield re-alleges Paragraphs 1 through 28.

40. This claim will become ripe for adjudication upon a determination by the Court or by confession of judgment by Evanston that Mr. Enfield, as Personal Representative of the Estate of Lisa Enfield and as assignee of Eitel Enterprises, Inc., was entitled to coverage.

41. Mr. Enfield's claims against Eitel Enterprises were timely reported and all conditions precedent under the Policy were met to invoke the duties to defend and indemnify Eitel Enterprises.

42. Evanston had a duty to use the same degree of care and diligence in the defense and resolution of Mr. Enfield's claim against Eitel Enterprises as a person of ordinary care and prudence should exercise in the management of his or her business. Evanston had a further duty to fairly evaluate Mr. Enfield's claim against Eitel Enterprises and act promptly on defense and settlement communications.

43. Evanston was provided with repeated opportunities to defend against and settle Mr. Enfield's claims within the Policy's limits, and in each instance Evanston rejected those opportunities based on its erroneous denial of coverage.

44. Evanston breached its fiduciary duties to Eitel Enterprises by repeatedly failing to defend and settle Mr. Enfield's claim within the Policy limits when it could and should have done so, had it acted fairly and honestly and with due regard for the interests of its insured.

45. As a direct and proximate result of Evanston's breach of its fiduciary duties under Florida law and under the Policy, Eitel Enterprises suffered and continues to suffer damages in the form of the Consent Judgment.

46. Mr. Enfield continues to suffer damages as a direct and proximate result of Evanston's failure to settle the claims against Eitel Enterprises.

WHEREFORE, Steven Enfield, as Personal Representative of the Estate of Lisa Enfield and as assignee of Eitel Enterprises, Inc. requests judgement against Evanston Insurance Company for all reasonably foreseeable damages, including the unsatisfied amount of the Consent Judgment, pre-and post-judgment interest thereon; attorney's fees and costs incurred in this action pursuant to Fla. Stat. § 626.9373 or any other applicable statute, relief, and any further relief this Court deems equitable, just, and proper.

## **TRIAL BY JURY**

Plaintiff requests trial by jury of all issues so triable.

Dated: January 5, 2024

Respectfully Submitted,

VER PLOEG & MARINO, P.A.
100 S.E. Second Street, Suite 3300
Miami, FL 33131
305-577-3996
305-577-3558 *facsimile*

/s/ Michal Meiler
**Stephen A. Marino, Jr., Esq.**
Florida Bar No. 79170
smarino@vpm-legal.com
smcgee@vpm-legal.com
**Michal Meiler, Esq.**
Florida Bar No. 86522
mmeiler@vpm-legal.com
mgarcia@vpm-legal.com
**Lindsay R. Abbondandolo, Esq.**
Florida Bar No. 1011244
lra@vpm-legal.com
*Counsel for Steven Enfield, as Personal Representative of the Estate of Lisa Enfield and as assignee of Eitel Enterprises, Inc.*

8